FILED - USDC -NH
2024 APR 17 PM2:32

1

```
                    STATE OF NEW HAMPSHIRE

        10TH CIRCUIT COURT - DISTRICT DIVISION - HAMPTON


STATE OF NEW HAMPSHIRE,       ) District Division Case No.
                              ) 441-2024-CR-00353
           Complainant,        )
                              ) Hampton, New Hampshire
      vs.                     ) March 18, 2024
                              ) 11:05 a.m.
DESTINIE L. BERARD,           )
                              )
           Defendant.         )
_____)


               VIDEO ARRAIGNMENT/BAIL HEARING
           BEFORE THE HONORABLE ELLEN CHRISTO
       JUDGE OF THE CIRCUIT COURT - DISTRICT DIVISION

APPEARANCES:

For the State:               John Ventura, Esq.
                             SEABROOK POLICE DEPARTMENT
                             7 Liberty Lane
                             Seabrook, NH 03874

Pro Se Defendant:            Destinie L. Berard
                             (Address Unknown)

Audio Operator:              Electronically Recorded
                             **Not Monitored**

TRANSCRIPTION COMPANY:       eScribers, LLC
                             7227 N. 16th Street, Suite 207
                             Phoenix, AZ 85020
                             (800) 257-0885
                             www.escribers.net

Proceedings recorded by electronic sound recording; transcript
produced by court-approved transcription service.
```

1      (Proceedings commence at 11:05 a.m.)

2          THE COURT: State v. Destinie Berard. Would the Defendant please state your name?

4          MS. BERARD: Destinie Berard.

5          THE COURT: Thank you.

6          And for the State?

7          MR. VENTURA: John Ventura for the State, Your Honor. Thank you.

9          THE COURT: Thank you.

10         All right. Ms. Berard, you're here this morning for the purpose of arraignment on a Class A misdemeanor. Class A misdemeanors carry with it the possibility of up to a year in jail and up to a 2,000 dollar fine per charge. The purpose of the arraignment is threefold. The first is to advise you of some of your constitutional rights. The second is to advise you of the charge against you and enter a plea. And the third is to discuss bail with the State.

18         So I want to start by advising you of some of your constitutional rights. You have a Fifth Amendment right to remain silent. No one can compel you to testify against yourself at any stage of this case, and that will never be held against you. In addition, however, I would advise you not to speak about the underlying charge here today as this is all being recorded and anything you do say today could be used against you later at trial.

1    As a criminal defendant you have the right to have
2 an attorney at every stage of the proceeding, and since you've
3 been charged with a Class A misdemeanor, you have the right to
4 a court-appointed attorney if you cannot afford to hire your
5 own. Do you anticipate needing a court-appointed attorney?
6    MS. BERARD: I honestly don't know.
7    THE COURT: Okay. All right. So what I'm going to
8 ask you to do is to -- why don't you go ahead and fill out the
9 request for attorney form and give that to the jail. They'll
10 send it over to the Court, and we'll determine if you're
11 eligible for a court-appointed attorney, okay?
12    MS. BERARD: Okay.
13    THE COURT: All right. Since you've expressed some
14 interest in having an attorney or presence of counsel, you
15 have a choice to make today. If you want to wait until you
16 have an attorney appointed and you have an attorney with you
17 for the hearing -- for this arraignment hearing, we'll stop
18 the hearing right now. We'll get an attorney appointed for
19 you, and then we'll pick this hearing up again tomorrow.
20    Your other -- your other choice --
21    MS. BERARD: I --
22    THE COURT: Let me tell you your other choice first,
23 okay. Your other choice is that you can waive your right to
24 counsel just for the purpose of this arraignment, and then
25 what I would do is I would read the charge against you, with

1  your permission, enter not guilty on your behalf, and then we
2  could discuss bail with the State.  So which way would you
3  like to proceed today?
4          MS. BERARD:  I think I just want to go on -- like,
5  continue right now.
6          THE COURT:  Okay.
7          MS. BERARD:  And not --
8          THE COURT:  So just so I'm clear.  You're waiving
9  your right to counsel just for the purpose of this hearing; is
10 that correct?
11         MS. BERARD:  Yes, please.
12         THE COURT:  Okay.  All right.  So what I'm going to
13 do now is I'm going to read the charge against you.  It's a
14 Class A misdemeanor, a violation of a protective order.  That
15 on May 30th, 2022, at 12:45 p.m., that you knowingly violated
16 a final order of protection issued by the 10th Circuit Court
17 Family Division in Brentwood on July 8, 2020.  In that you
18 came within 300 feet of the protected party in said order at 1
19 Lowell Street, St. Elizabeth of Hungary Mission Church.
20         Do you wish to enter not guilty to this charge?
21         MS. BERARD:  Yes, please.
22         THE COURT:  Okay.  All right.  I've entered not
23 guilty on your behalf.  I'm now going to hear from the State
24 as to their recommendation for bail, and then I will come back
25 over to you and let you respond if you wish to.  Okay?

1          Okay.  For the State?

2          MR. VENTURA:  Yes, Your Honor.  The State is

3  requesting a personal recognizance bail.  There's no criminal

4  history here.  This wasn't an act of violence so we're

5  comfortable with -- if the Court adopts a personal

6  recognizance bail.  There are other conditions that we would

7  like her to follow, which includes to continue to follow the

8  final DV protective order issued by Judge Hall.  I think it's

9  in effect until July 10th of 2025.  I believe the Court will

10 already, by default, issue a criminal protective order for

11 this because of the relationship.

12         And she'll have no contact with Patrick Szymkowski.

13 And I can spell that if you like, Your Honor, whenever you're

14 ready.

15         THE COURT:  Please go ahead.

16         MR. VENTURA:  S-Z-Y-M-K-O-W-S-K-I.  And I have his

17 date of birth on this, which I will give to the Court, because

18 I know you have to fill that out on there.

19         THE COURT:  (Indiscernible).

20         MR. VENTURA:  His address is 138 North Road.  We

21 would like her not to go to that residence or be within 300

22 feet of it.

23         THE COURT:  Is that Seabrook?

24         MR. VENTURA:  That's in Fremont, Your Honor.  Sorry.

25         THE COURT:  Fremont?



1           MR. VENTURA:  Yup, 03044, 03044.  030.  As well as
2   all other standard bail conditions affiliated with the
3   personal recognizance, Your Honor.
4           THE COURT:  Okay.
5           MR. VENTURA:  Oh, and I can give this to the Court,
6   if you'd like.  It's just a typed-up version of what I just
7   asked for.
8           THE COURT:  Okay.  Thank you.
9           All right.  Ms. Berard, is there anything you want
10  to say based on what Attorney Ventura just requested for bail?
11          MS. BERARD:  I don't really understand what -- what
12  he requested.
13          THE COURT:  Okay.  So --
14          MS. BERARD:  I don't really understand what
15  personal --
16          THE COURT:  Okay.  So I am going to go ahead and
17  release you on personal recognizance.  Basically that means
18  that's your promise to show up for all future court dates in
19  this case, okay, as opposed to requiring you to pay cash bail
20  or anything like that to get out of jail today.  Okay?
21          MS. BERARD:  Okay.
22          THE COURT:  So personal recognizance means that
23  we're trusting you to come back and show up at your hearings
24  in this case, okay.  In addition to that, you're ordered to
25  have no contact with Patrick Szymkowski.  You're not to be

1  within 300 feet of him, and you're not to be at 138 North Road
2  in Fremont, New Hampshire.
3           In addition you're not to possess a firearm,
4  destructive device, dangerous weapon, or ammunition while
5  you're on bail.  And you're to refrain from any excessive use
6  of alcohol as well as any use of narcotic drugs or controlled
7  substances while on bail.
8           You're to sign a waiver of extradition before you
9  leave the jail, and you're to continue to follow the final
10 domestic violence order that is in place until 2025.  Okay.
11          MS. BERARD:  Okay.
12          THE COURT:  All right.  Any questions?
13          MS. BERARD:  So will I get anything for a follow-up
14 court date?
15          THE COURT:  Yes.  Actually, that will be on the bail
16 order.  The date and time --
17          MS. BERARD:  Okay.
18          THE COURT:  -- and everything will be on the bail
19 order that comes to you at the jail for your release.  And you
20 will also --
21          MS. BERARD:  Okay.
22          THE COURT:  -- be sent a copy of that to your
23 address that's on record here.  Has your address changed?
24          MS. BERARD:  No.
25          THE COURT:  Okay.  So it's still the 46 Pond Street,



```
 1  Georgetown?  Okay.
 2          MS. BERARD:  Yes.
 3          THE COURT:  So we'll send notification to that
 4  address of your trial date as well.  And assuming you fill out
 5  the form requesting an attorney and you qualify, somebody from
 6  the Public Defender's Office will reach out to you directly
 7  within the next couple of weeks.
 8          MS. BERARD:  Okay.  Okay.
 9          THE COURT:  All right.  Any other questions?
10          MS. BERARD:  No.  Thank you, ma'am.
11          THE COURT:  Okay.  Thank you.  This matter is
12  concluded.
13          MS. BERARD:  Thanks.  Thank you.
14      (Proceedings concluded at 11:13 a.m.)
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE

I, TreLinda Wilson, a court-approved proofreader, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my professional skills and abilities.

TRANSCRIPTIONIST(S):   Meribeth Ashley, CET-507

**TreLinda Wilson**  Digitally signed by TreLinda Wilson
Date: 2024.03.21 11:27:36 -05'00'

TRELINDA WILSON, CDLT-148                March 20, 2024
Proofreader