UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

State of New Hampshire

    v.                            Cr. No. 24-cr-38-01-JL-TSM

Destinie L. Berard

## **ORDER**

On April 17, 2024, Destinie L. Berard, the defendant in a state criminal action, filed a timely Notice of Removal. Berard seeks to remove her pending misdemeanor case charging her with violation of a protective order from New Hampshire 10th Circuit District - Division Court, Hampton to this court.

Once a notice of a removal of a state criminal prosecution is filed, 28 U.S.C § 1455 authorizes the court to remand summarily those state criminal prosecutions that do not appear on the face of the removal notice to be properly removed to this court:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1455(b)(4). Given Berard's pro se status, this court construes her notice of removal liberally. Ericson v Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Berard alleges her First and Fourteenth Amendment rights have been violated and seeks to assert those rights in this case. In addition, Berard relies on 28 U.S.C § 1443, which provides for removal of criminal prosecutions commenced in state court "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of persons within the jurisdiction thereof…" 28

U.S.C. § 1443(1). For the reasons stated below, Berard's broad assertion of constitutional violations does not support a claim for removal.

To remove a case under 28 U.S.C § 1443(1), the criminal defendant must demonstrate (1) "that the right allegedly denied…arises under a federal law for specific civil rights stated in terms of racial equality" and (2) that the "specified federal rights" are denied or cannot be enforced in the courts of the state." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks omitted) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Neither part of that test is satisfied here.

While Berard does assert that her rights are denied or cannot be enforced in the state courts of New Hampshire, Berard asserts no claim of racial inequality under the first part of the test. The second part of the test for removability under § 1443(1) also provides grounds to remand the case.

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court.

City of Greenwood v. Peacock, 384 U.S. 808, 827-8 (1966). Rachel is a case where the "very act of bringing a defendant to trial" violated the defendant's rights. Peacock, 384 U.S. at 828. The federal racial equality statute at issue in Rachel immunized the defendants from attempts to punish them for disobeying an order to leave public accommodations based on their race, making the trespass prosecution itself a violation of the federally protected right. Rachel, 384 U.S. at 805. There is no comparable federal law that immunizes Berard from misdemeanor charges of violation of a protective order.

Berard's claim that she cannot raise an affirmative defense based on a judge's "alleged policy" must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore federal rights. Bad experiences with the particular court in question will not suffice. California v. Sandoval, 434 F.2d 635, 636 (1970).

Reviewing the removal pleading most favorably to the Petitioner, none of the bases for removal jurisdiction exist in this case. As a result, this matter is summarily remanded to the New Hampshire 10th Circuit – District Division, Hampton court.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date: May 9, 2024

cc: Destinie L. Berard, pro se