THE STATE OF NEW HAMPSHIRE

10th Circuit – District Division – Hampton

State v. Destinie L. Berard

441-2024-CR-00353

RECEIVED JUN 26 2024
10th Circuit Court
Hampton - District

### Defendant's Request for Court to Show Cause re: Jurisdiction

NOW COMES the Defendant, Destinie L. Berard, *pro se*, and respectfully requests this Court to show cause for why it had jurisdiction to issue any "order(s)" or "decision(s)" on the *service copy* of Defendant's *Notice of Removal* (Index #5) filed in the federal court. In support thereof it is stated:

1. The Defendant, Destinie L. Berard, is a resident of Massachusetts.

2. The State of New Hampshire's alleged victim is Massachusetts Police Officer Patrick Szymkowski, who is employed by the Salisbury, MA Police Department.

3. On April 17, 2024, the Defendant filed a *Notice of Removal* in the *United States District Court for the District of New Hampshire* pursuant to 28 U.S.C. § 1443.

4. On April 17, 2024, Defendant's *Notice of Removal* was docketed by the federal court as *State of NH v. Berard*, 1:24-cr-00038, (D.N.H.) and was assigned to the Hon. Joseph Normand Laplante in the federal court.

5. On April 18, 2024, this Court received a *service copy* (Index #5) of Defendant's federal *Notice of Removal*.

6. Only the federal court, not the state court, has jurisdiction to issue any "order(s)" or "decision(s)" on Defendant's *Notice of Removal* filed in federal court.

7. After Defendant filed her federal *Notice of Removal* pursuant to 28 U.S.C. § 1443, the state court was divested of jurisdiction to hold any trial.

8. Further, pursuant to 28 U.S.C. § 1447(d), the Defendant enjoys a right to appellate review in the federal First Circuit Court of Appeals of any adverse order issued by the federal district court.

9. The New Hampshire state court has never received any final judgment from the federal court remanding this case to the state court.

10. Consequently, the Defendant respectfully requests for this court to show cause for why it had jurisdiction to issue any "order(s)" or "decision(s)" on the *service copy* (Index #5) of Defendant's federal *Notice of Removal* provided to this New Hampshire state court:



11. In the alternative, this "order" should be stricken, because it was a non-judicial act undertaken in the complete absence of all jurisdiction over the subject matter. *See, e.g. Gibson v. Goldston*, 85 F.4th 218 (4th Cir. 2023).

WHEREFORE, the Defendant respectfully requests for this Court to provide the following relief:

A) To show cause for why it had jurisdiction to issue any "order(s)" or "decision(s)" on the *service copy* (Index #5) of Defendant's <u>federal</u> *Notice of Removal* provided to this state court; or,

B) In the alternative, to strike this order, consistent with ¶¶1-11, *supra*; and,

C) To set forth the reasons for its decision in a written narrative order; and,

D) To grant any other relief as this Court deems just and equitable.

Respectfully submitted,

*[signature]*

JUN 26 2024

DESTINIE L. BERARD
*Pro Se*
46 Pond St.
Georgetown, MA 01833
(978) 518-0765

June 25, 2024

## CERTIFICATE OF SERVICE

I, Destinie L. Berard, certify that a copy of this *Request* will be sent via first class postal mail to John Ventura, Esq., counsel for the State of New Hampshire.

*[signature]*

DESTINIE L. BERARD

June 25, 2024

*Denied, as the NH Circuit Court has jurisdiction over violations of Protective Orders as enumerated in RSA 173-B:9.*

*Ellen V. Christo*