# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2023-0169, <u>State of New Hampshire v. Anthony Kinney</u>, the court on September 6, 2024, issued the following order:**

The defendant's motion for late authorities is granted.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Anthony Kinney, appeals his conviction in the Circuit Court (<u>Greenhalgh</u>, J.) for violating a protective order.  <u>See</u> RSA 173-B:9 (2022).  He raises numerous issues on appeal.  We affirm.

At the outset, we note that the defendant's brief does not include specific references to any portion of the record where the issues on appeal were raised and preserved.  <u>See</u> <u>Sup. Ct. R.</u> 16(3)(b) ("After each statement of a question presented, counsel shall make specific reference to the volume and page of the transcript where the issue was raised and where an objection was made, or to the pleading which raised the issue."); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  Furthermore, it is the defendant's burden as the appealing party to demonstrate that he raised his issues in the trial court.  <u>Id.</u>  Accordingly, we may decline to review issues raised on appeal for failure to comply with this rule.  <u>Id.</u> at 250-51.

The defendant first argues that the trial judge erred in not recusing himself from this case.  Assuming, without deciding, that the defendant raised this issue in the trial court, "[t]he party claiming bias must show the existence of bias, the likelihood of bias, or an appearance of such bias that the judge is unable to hold the balance between vindicating the interests of the court and the interests of the party."  <u>In the Matter of Tapply & Zukatis</u>, 162 N.H. 285, 297 (2011) (quotation omitted).  "The test for the appearance of partiality is an objective one, that is, whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case."  <u>Miller v. Blackden</u>, 154 N.H. 448, 456 (2006) (quotation omitted).  Having considered the defendant's arguments, we cannot conclude that "an objective, disinterested observer, fully informed of the facts," would

"entertain significant doubt that justice would be done" in this case.  See Miller v. Blackden, 154 N.H. at 456.

The defendant next argues that the trial court's prior denial of the victim's motion for contempt precluded a finding of guilt under principles of res judicata and collateral estoppel.  Assuming, without deciding, that the defendant raised this issue in the trial court, the doctrine of collateral estoppel bars a party to a prior action from relitigating any issue or fact actually litigated and determined in the prior action.  Gray v. Kelly, 161 N.H. 160, 164 (2010).  Res judicata is a broader remedy that bars the relitigation of any issue that was, or might have been, raised regarding the subject matter of the prior litigation.  Id.  Neither collateral estoppel nor res judicata applies here because the allegations in the victim's motion for contempt differed from the facts that formed the basis for the defendant's conviction in this case.

The defendant next argues that his trial counsel provided ineffective assistance.  We note that, at the start of trial, the defendant claimed that he was receiving ineffective assistance.  Raising ineffective assistance of counsel claims on direct appeal is strongly disfavored and is appropriate only "where the factual basis of the claim appears indisputably on the trial record."  State v. Grande, 168 N.H. 487, 490 (2016) (citation omitted).  "To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate first that counsel's representation was constitutionally deficient, and second, that counsel's deficient performance actually prejudiced the outcome of the trial."  State v. Newton, 175 N.H. 279, 285 (2022).  Having considered the defendant's arguments, we conclude that he has failed to meet this standard.

Because the defendant already has been convicted, we conclude that his bail arguments are moot and decline to address them.  See State v. Blum, 132 N.H. 396, 400 (1989).  We reject the defendant's arguments that his sentence violated Part I, Article 18 of the State Constitution.  The defendant contends that his sentence was excessive and that other individuals convicted of other crimes received less jail time.  Assuming that the defendant complies with the terms of his suspended sentence, he will serve a small fraction of the maximum sentence for violating a protective order.  See RSA 173-B:9, III (2022); State v. Wentworth, 118 N.H. 832, 841-43 (1978).  Moreover, the defendant has failed to show that other persons convicted under the same statute under similar circumstances received more lenient sentences.  We reject the defendant's argument that RSA 173-B:9 is unconstitutional.  We presume a statute to be constitutional and will not declare it invalid except upon inescapable grounds.  State v. Hollenbeck, 164 N.H. 154, 157 (2012).  In this case, the defendant has failed to develop a legal argument to support his assertion that RSA 173-B:9 is unconstitutional.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

The defendant's remaining arguments are not preserved, see Bean, 151 N.H. at 250, and inadequately developed, see Blackmer, 149 N.H. at 49, and we

decline to address them, see Vogel v. Vogel, 137 N.H. 321, 322 (1993); see also
Appeal of Omega Entm't, 156 N.H. 282, 287 (2007) (off-hand invocations of
constitutional rights without support by legal argument or authority do not
warrant extended consideration).

Affirmed.

MacDonald, C.J., and Bassett and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

Distribution:
3rd N.H. Circuit Court - Conway District Division, 430-2022-CR-00721
Honorable Charles L. Greenhalgh
Honorable Ellen V. Christo
Mr. Anthony P. Kinney
Robert L. Baldridge, Esq.
Attorney General
Sam M. Gonyea, Esq.
Francis C. Fredericks, Supreme Court
Sherri L. Miscio, Supreme Court
File

1                          STATE OF NEW HAMPSHIRE

2          3RD CIRCUIT COURT - DISTRICT DIVISION - CONWAY

3

    STATE OF NEW HAMPSHIRE,          )
4                                    ) District Division Case No.
                   Plaintiff,        ) 430-2022-CR-00721
5                                    )
           vs.                       ) Conway, New Hampshire
6                                    ) January 24, 2023
    ANTHONY KINNEY,                  ) 1:53 p.m.
7                                    )
                   Defendant.        )
8    _____ )

9                               TRIAL
            BEFORE THE HONORABLE CHARLES L. GREENHALGH
10         JUDGE OF THE CIRCUIT COURT - DISTRICT DIVISION

11   APPEARANCES:

12   For the State:              Sgt. William Strong, Esq.
                                 CONWAY POLICE DEPARTMENT
13                               PROSECUTION DIVISION
                                 P.O. Box 538
14                               Center Conway, NH 03813

15   For the Defendant:         Megan C. DeVorsey, Esq.
                                 NEW HAMPSHIRE PUBLIC DEFENDER
16                               408 Union Ave
                                 Laconia, NH 03246
17
     Audio Operator:             Electronically Recorded
18                               **Not Monitored**

19   TRANSCRIPTION COMPANY:      eScribers, LLC
                                 7227 N. 16th Street, Suite 207
20                               Phoenix, AZ 85020
                                 (800) 257-0885
21                               www.escribers.net

22   Proceedings recorded by electronic sound recording; transcript
     produced by court-approved transcription service.
23

24

25



1                        I N D E X

2   WITNESS(ES)        DIRECT    CROSS    REDIRECT    RECROSS

3   FOR THE STATE:

4   Christine Berlind   10        23        26          27

5

6   WITNESS(ES)        DIRECT    CROSS    REDIRECT    RECROSS

7   FOR THE DEFENDANT:

8   NONE

9

10  MISCELLANEOUS                                       PAGE

11  State Rests                                         30

12  Defendant Rests                                     31

13  Defendant's Closing Argument                        31

14  State's Closing Argument                            32

15

16  EXHIBITS                                       ID    EVD

17  State's 1           Circuit court bail       9      10

18                      order issued under

19                      430-2022-CR-697

20  State's 2           Copy of the             11      12

21                      restraining order

22  State's 3           Amendment to the        13      14

23                      original restraining

24                      order

25

1   State's 4                    Screenshot of Ms.            17

2                                Berlind's phone

3   State's 5                    Screenshots of son           22

4                                 iPad

5   State's 6                    Bail hearing from            29

6                                12/20/2022

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

escribers

www.escribers.net | 602-263-0885

```
 1              (Proceedings commence at 1:53 p.m.)

 2              THE COURT:  Okay.  Good afternoon.  You may be

 3    seated.  And we are on the record in State v. Anthony Kinney,

 4    docket number 430-2022-CR-721, scheduled for a hearing -- a

 5    trial this afternoon.

 6              And could State and counsel and Mr. Kinney identify

 7    yourselves for the record.

 8              SGT. STRONG:  Sgt. Strong for the State, Your Honor.

 9              THE COURT:  Good afternoon.

10              MS. DEVORSEY:  Your Honor, Megan DeVorsey with the

11    Public Defender.  I am appointed to represent Mr. Kinney on

12    430-2022-CR-721.

13              THE COURT:  Okay.  Thank you.

14              All right.  And before we begin, I've received the

15    request from some individual to record and photograph this

16    hearing.  Who made the request?  Who?  Two people --

17              MR. ALBRECHT:  Oh.

18              THE COURT:  -- have their hands up.

19              MR. ALBRECHT:  I did.  It's on behalf of both of us.

20              THE COURT:  Okay.  Well, who are you?

21              MR. ALBRECHT:  My name is --

22              THE COURT:  Well --

23              THE BAILIFF:  Please stand up.

24              MR. ALBRECHT:  Excuse me, Your Honor.  My name is

25    Dana Albrecht, and this is Ms. Laurie Ortolano.
```



1          THE COURT:  Okay.  Ma'am, stand, state your name.

2          MS. ORTOLANO:  Yeah.  Laurie Ortolano.

3          THE COURT:  Okay.  And are you members of the press?

4          MR. ALBRECHT:  I'm a taxpayer, pursuant to Part 1,

5    Article 8, as amended in 2018.

6          THE COURT:  Okay.

7          MS. ORTOLANO:  I'm a member of Right to Know New

8    Hampshire.

9          THE COURT:  What's Right to Know New Hampshire?

10          MS. ORTOLANO:  It's a group coalition that looks to

11   assist people with information requests and write legislation

12   to approve the right to know law in the State of New

13   Hampshire.

14          THE COURT:  Okay.  All right.  Well, as you're not

15   members of the press, I'm going to deny your request.  So no

16   recording of any of the proceedings today.  There is a

17   recording that is taking place, and members of the public can

18   get a copy of that recording if they wish.  There's a small

19   fee associated with it -- you can get it on CD -- and it

20   records everything that's being said.  All right?  Otherwise,

21   all cell phones, any other type of recording devices ought to

22   be completely turned off.  All right?

23          State ready to proceed?

24          MS. DEVORSEY:  Your Honor, before we proceed, Mr.

25   Kinney has told me he wants to raise the issue of status of



1    counsel.

2              THE COURT:  Okay.  Mr. Kinney?

3              THE DEFENDANT:  I believe I'm getting

4    inappropriate --

5              THE COURT:  Please stand.

6              THE DEFENDANT:  Your Honor, I believe I'm getting

7    inappropriate and ineffective representation in this case

8    through the Public Defender's Office through this court.

9              THE COURT:  Okay.  Why do you believe that?

10             THE DEFENDANT:  Well, Your Honor, I was represented

11   counsel on the 21st after I filled out a financial affidavit.

12   I received a phone call from Ms. DeVorsey a week later talking

13   about the possibility of a bail hearing and that she would be

14   in the following week to meet with me.

15             The following week, she came in after communication

16   with the prosecutor.  There was no discussion about bail or a

17   bail hearing or a trial.  There was only discussion about a

18   plea offer on the table, which we discussed.  And then I -- I

19   had time to think about it.

20             And the following week, there was still no offer

21   about a bail hearing or a talk about trial where the -- the

22   plea offer had changed.  And at that time, I -- I kind of felt

23   compelled to take the deal because that was the only thing on

24   the table.  And after several times of discussing it and the

25   bail -- the plea changing, I -- I don't believe that I've had

1    extra year in jail if he commits a Class A misdemeanor while

2    he's out on bail.

3          So I think the State has proven its case beyond a

4    reasonable doubt and would ask that you find him guilty.

5          THE COURT:  All right.  Thank you.

6          All right.  I am going to take the matter under

7    advisement because I do need to review the documents and the

8    transcript from the bail hearing, so I have a full

9    understanding of all the evidence.

10          MS. DEVORSEY:  Your Honor, if I could just say

11    something.  Mr. Kinney has stated that he wants to speak to

12    the Court.  I've advised him not to because he has not

13    testified, but he has told me that he wants to address the

14    Court.

15          THE COURT:  On what issue?  I mean, we've closed

16    evidence.  We've had closing arguments.  So if he's going to

17    submit any testimony or address facts, he's waived his chance

18    to do it.

19          THE DEFENDANT:  Your Honor, I believe I have the

20    constitutional right to be heard in this court as well as my

21    attorney --

22          THE BAILIFF:  Excuse me, sir, please stand.

23          THE COURT:  Well, you did, and you chose not to

24    testify.  And your attorney's presented her closing arguments.

25          THE DEFENDANT:  And don't I have the right to --



1            THE COURT:  State's presented its closing arguments

2    and --

3            THE DEFENDANT:  Your Honor, don't I have a right to

4    participate in that closing argument?

5            THE COURT:  You did through your attorney, and the

6    evidence is closed, so.

7            THE DEFENDANT:  Your Honor, I believe that the New

8    Hampshire Constitution Part 1, Article 15 says I have a right

9    to be heard as well as my attorney.

10            THE COURT:  I don't believe the constitution is that

11    specific, sir.  And secondly, you are heard through your

12    attorney.  So I'm denying your request.  Thank you.

13            All right.  The hearing's concluded, and we're

14    adjourned.

15            THE BAILIFF:  Please rise.

16        (Proceedings concluded at 2:43 p.m.)

17

18

19

20

21

22

23

24

25



www.escribers.net  |  602-263-0885

# The State of New Hampshire
## COMPLAINT

**Case Number:** 430-2022-CR-00721          **Charge ID:** 2044105C

SIN# 00210002200000619001

| ☐ VIOLATION | MISDEMEANOR | ☒ CLASS A | ☐ CLASS B | ☐ UNCLASSIFIED (non-person) |
|---|---|---|---|---|
| | FELONY ☐ CLASS A | ☐ CLASS B | ☐ SPECIAL | ☐ UNCLASSIFIED (non-person) |

You are to appear at the:  **3rd Circuit District Division Conway**          Court,     **RECEIVED**

**Address:**  **35 E CONWAY RD , CENTER CONWAY, NH**          County:  **Carroll**

**Time:**  **2:30 PM**          Date:  **12/20/2022**          DEC 2 0 2022

Under penalty of law to answer to a complaint charging you with the following offense:

**THE UNDERSIGNED COMPLAINS THAT :** PLEASE PRINT          **CONWAY DISTRICT COURT**

| KINNEY | ANTHONY | | |
|---|---|---|---|
| Last Name | First Name | | Middle |
| ▮▮▮▮▮ | MIDDLETON | NH | 03887 |
| Address | City | State | Zip |
| M          W | ▮▮▮ | ▮▮▮ | |
| Sex     Race | Height | Weight | Eye Color     Hair Color |
| ▮▮▮ | | NH | |
| DOB | License #: | OP License State | |

| ☐ COMM. VEH. | ☐ COMM. DR. LIC. | ☐ HAZ. MAT. | ☐ 16+PASSENGER |
|---|---|---|---|

AT: KEARSARGE RD: 662 KEARSARGE RD, N CONWAY NH

On 12/15/2022 at 9:07 PM in Carroll County NH, did commit the offense of:

**RSA Name:**          Violation of Protective Order

**Contrary to RSA:**          173-B:9

**Inchoate:**

**(Sentence Enhancer):**

And the laws of New Hampshire for which the defendant should be held to answer, in that the defendant did:

knowingly violate a protective order issued pursuant to RSA 173-B by Judge
Greenhalgh of the 3rd Circuit Court-District Division-Conway on May 10th, 2022, in
that Anthony Kinney had contact with Christine Berlind via text message, and he
had been released on bail at the time of the offense,

Not Guilty at Arraignment

12/20/22

# ORIGINAL

against the peace and dignity of the State.

☐ SERVED IN HAND

| Complainant Signature | Sergeant WILLIAM M STRONG II | Conway PD |
|---|---|---|
| | Complainant Printed Name | Complainant Dept. |

**Making a false statement on this complaint may result in criminal prosecution.**

Oath below not required for police officers unless complaint charges class A misdemeanor or felony (RSA 592-A:7 .I).
Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed, is, to
his/her belief, true.

12/20/2022
Date

Justice of the Peace

NHJB-2962-D (6/27/2016)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT
## DOMESTIC VIOLENCE TEMPORARY ORDER OF PROTECTION

Case Number: <u>630-2022-DV-00021</u>          PNO Number: <u>6302210021</u>

Court: <u>3rd Circuit - Family Division - Conway</u>

Court ORI: <u>NH002041J</u>

County: <u>Carroll</u>

Address: <u>E. Conway Rd., Rte 302, PO Box 448  Conway NH  03818</u>

| PLAINTIFF | PLAINTIFF IDENTIFIERS | | |
|---|---|---|---|
| First    Middle    Last | Date of Birth | Sex | Race |
| Christine Berlind | ▋ | Female | White |

### V.

| DEFENDANT'S NAME | DEFENDANT IDENTIFIERS | | | |
|---|---|---|---|---|
| First    Middle    Last | DOB | ▋ | HEIGHT | ▋ In. |
| Anthony Kinney | SEX | Male | WEIGHT | ▋ Lbs. |
| **DEFENDANT'S ADDRESS:** | RACE | White | EYES | ▋ |
| ▋ | State/Birth | Maine | HAIR | ▋ |
| | ETHNICITY  Non Hispanic | | | |

**RELATIONSHIP to PLAINTIFF**

☐ Married          ☐ Household member
☐ Divorced         ☐ Other _____
☐ Separated
☐ Cohabit / cohabited
☒ Child in common

| DISTINGUISHING FEATURES: | |
|---|---|
| SKIN TONE | |
| SCARS, MARKS, TATTOOS | all over |
| Location and description | |

**CAUTION**

☐ Weapon involved
☐ Weapon is ordered to be relinquished pursuant to New Hampshire state law RSA 173-B

| | LICENSE INFO: | DRIVER'S LICENSE# | |
|---|---|---|---|
| | | STATE | EXP DATE |
| VEHICLE INFO: | YEAR | | STYLE |
| | MAKE | | COLOR |
| | MODEL | VIN # | |

**WARNING:** The attached order shall be enforced, even without registration, by the courts of any state, the District of Columbia, and any U.S. Territory, and may be enforced on Tribal Lands (18 U.S.C. section 2265). Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. section 2262).

**The court has found as evidenced by this order:**

That it has jurisdiction over the parties and subject matter, and the defendant, upon service, will be given reasonable notice and opportunity to be heard.

☒     The above named defendant is restrained from committing further acts of abuse or threats of abuse.

☒     The above named defendant shall not have any contact with the plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the court. The defendant is prohibited from coming within <u>300</u> feet of the plaintiff.

NHJB-2000-DF (01/01/2015)

Case Name: <u>In the Matter of Christine Berlind v. Anthony Kinney</u>

Case Number: <u>630-2022-DV-00021</u>                    PNO: _____

<u>DOMESTIC VIOLENCE TEMPORARY ORDER OF PROTECTION</u>

The court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), and having considered the plaintiff's Domestic Violence Petition dated <u>May 10, 2022</u> hereby finds that the plaintiff is in immediate and present danger of abuse as defined in RSA 173-B and makes the following **TEMPORARY ORDERS OF PROTECTION:**

1. ☒ The defendant shall not abuse the plaintiff.

2. ☒ The defendant shall not have any contact with the plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, texting, social media, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the court. The defendant is prohibited from coming within _300_ feet of the plaintiff. *see p 15*
   ☒ This includes any household animals. *with respect to parenting exchanges—*

3. ☒ The defendant shall not enter the premises or curtilage where the plaintiff resides, except when the defendant is accompanied by a peace officer and, upon reasonable notice to the plaintiff, is allowed entry by the plaintiff for the sole purpose of retrieving toiletries/medication, clothing, business equipment, and any other items as determined by the court:

   _____

4. ☒ The defendant shall not contact the plaintiff at or enter upon plaintiff's place of employment, school, or _anywhere she appears_ _____

5. ☒ The defendant shall not abuse plaintiff's relatives (including children) regardless of their place of residence, or members of the plaintiff's household.

6. ☒ The defendant shall not take, convert or damage any property in which the plaintiff has a legal or an equitable interest.

7. ☐ The plaintiff is awarded exclusive care, custody, or control of any animal owned, possessed, leased, kept, or held by the petitioner, defendant, or a minor child in either household, and the defendant is prohibited from taking, transferring, encumbering, concealing, committing an act of cruelty or neglect, or disposing of the animal(s).

8. ☒ The plaintiff is awarded custody of the minor child(ren). The defendant may exercise the following visitation: _see p 15_ _____ or
   ☐ Visitation is denied pending a hearing.

9. ☒ The defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, or in the possession of any other person on behalf of the defendant, and the defendant is prohibited from purchasing or possessing any firearms or ammunition during the pendency of this order.

10. ☐ The defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used or could be used in an incident of abuse. These weapons may include the following: _____

11. ☐ Other protective orders: _____

   _____

Case Name: In the Matter of Christine Berlind v. Anthony Kinney
Case Number: 630-2022-DV-00021                          PNO: _____
DOMESTIC VIOLENCE TEMPORARY ORDER OF PROTECTION

**ADDITIONAL ORDERS:**

12. ☐ The Plaintiff is awarded the temporary and exclusive use of the motor vehicle identified as follows:

_____

13. ☐ The Plaintiff is awarded the temporary and exclusive use of the residence located at:

_____

14. ☒ The defendant shall relinquish all concealed weapons permits and hunting licenses.

15. ☒ Other: _The parenting Plan of 5/14/20, as amended by_
_subsequent agreement shall remain in effect._

Date _____          Signature of Judge / Marital Master Recommendation

_exchanges shall occur at the Conway Police Depart-_
_ment. Neither party_     Print / Type Name of Judge / Marital Master
**So Ordered:**     _shall leave their vehicle during exchanges._

I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

Date ____5/10/22____          Signature of Judge Approving Marital Master's Recommendation

1-855-212-1234                          Charles L. Greenhalgh,
Telephone Number of Court                  Print / Type Name of Judge     Judge

**THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT UNTIL FINAL ORDERS ARE MADE BY THE COURT. ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT. ALL FUTURE NOTICES AND ORDERS SHALL BE MAILED. BOTH PARTIES MUST KEEP THE COURT INFORMED OF THEIR CURRENT ADDRESS.**

NHJB-2000-DF (01/01/2015)

1

1          STATE OF NEW HAMPSHIRE

2     3RD CIRCUIT COURT - DISTRICT DIVISION - OSSIPEE

3
                              ) District Division Case No.
4    STATE OF NEW HAMPSHIRE,   ) 464-2017-CR-00430
                              )
5              Complainant,    ) Ossipee, New Hampshire
                              ) August 24, 2017
6         vs.                  ) 2:27 p.m.
                              )
7    CHRISTINE E. BERLIND,     )
                              )
8              Defendant.      )
    _____ )

9
          HEARING ON SENTENCING AND DISPOSITION
10      BEFORE THE HONORABLE CHARLES GREENHAULGH
       JUDGE OF THE CIRCUIT COURT - DISTRICT DIVISION
11
    APPEARANCES:
12
    For the State:              Wakefield Police Department
13                              2017 Wakefield Road
                                Wakefield, NH 03872
14
    For the Defendant:          Stanley M. Hawthorne, Esq.
15                              124 Tandberg Trail
                                Suite 221
16                              Windham, ME 04062

17   Audio Operator:            Electronically Recorded
                                **Not Monitored**
18
    TRANSCRIPTION COMPANY:      eScribers, LLC
19                              7227 N. 16th Street, Suite 207
                                Phoenix, AZ 85020
20                              (800) 257-0885
                                www.escribers.net
21
    Proceedings recorded by electronic sound recording; transcript
22   produced by court-approved transcription service.

23

24

25



1          (Proceedings commence at 2:27 p.m.)

2               THE COURT:  And gentlemen, it looks like we have

3    negotiated disposition.  Okay.  It's going to be placed on

4    trial without a finding.  Is that it?  Is it subject --

5               UNIDENTIFIED STATE ATTORNEY:  Yes.  We're placing

6    her for a one good year behavior, Your Honor, for the simple

7    assault --

8               THE COURT:  One year good behavior.

9               UNIDENTIFIED STATE ATTORNEY:  -- and the domestic

10   violence charge has been nolle prossed.

11              THE COURT:  Okay, all right.  Counsel?

12              MR. HAWTHORNE:  That's our understanding, Your

13   Honor.

14              THE COURT:  All right.  Then I'll approve that.  And

15   we're going to vacate the no contact order.

16              All right, then.  She's all set.

17              MR. HAWTHORNE:  Thank you very much.

18              THE COURT:  Thank you.

19          (Proceedings concluded at 2:28 p.m.)

20

21

22

23

24

25





# Wakefield Police Department
## Arrest Report

### Arrest #: 17-69-AR
### Call #: 17-3533

```
Date/Time Reported: 04/11/2017 @ 2236
 Arrest Date/Time: 04/12/2017 @ 2311
Booking Date/Time: 04/12/2017 @ 2327
          Involves: Domestic Violence

             TN #: H040172760
            Court: 3rd Circuit, District Division Ossipee
       Court Date: 08/24/2017 @ 0800
Reporting Officer: Patrol Christopher Waldron
Approving Officer: Lieutenant John Ventura
```



Signature: _____

Signature: _____

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | BERLIND, CHRISTINE E | F | * | 32 | ********** | ************ |
| | 143 MEADOW ST Apt. #3 | | | | | |
| | WAKEFIELD NH 03872 | | | | | |

```
Military Active Duty: N
                DOB: **********      PLACE OF BIRTH: *************************
     LICENSE NUMBER: *************************   ETHNICITY: *******
```

_____[RIGHTS/BOOKING CHECKS]_____

```
          PHONE USED: N
    ARRESTEE SECURED: N

       FINGERPRINTED: Y
        PHOTOGRAPHED: Y
       SUICIDE CHECK: Not Performed
             PERSONS: State&Federal
  NCIC VEHICLE CHECK: Not Performed
    INJURY OR ILLNESS: N
```

| # | OFFENSE(S) | ATTEMPTED | TYPE | CLASS |
|---|---|---|---|---|

```
    LOCATION TYPE: Residence/Home/Apt./Condo     Zone: SANBORNVILLE
    143 MEADOW ST Apt. #3
    WAKEFIELD NH 03872
```

| # | OFFENSE | | ATTEMPTED | | TYPE | CLASS |
|---|---|---|---|---|---|---|
| 1 | DOMESTIC VIOLENCE; ASSAULT | | N | | Misdemeanor | A |
| | | 631   2-B | I,A | A | | |

```
                    OCCURRED: 04/11/2017   2236
        WEAPON/FORCED USED: Personal Weapons (Hands/Feet/Etc)
```

| 2 | SIMPLE ASSAULT | | N | | Misdemeanor | A |
| | | 631   2-A | | A | | |

```
                    OCCURRED: 04/11/2017   2236
        WEAPON/FORCED USED: Personal Weapons (Hands/Feet/Etc)
```

# Wakefield Police Department
## Arrest Report

### Arrest #: 17-69-AR
### Call #: 17-3533

| # | VICTIM(S) | | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|---|
| 1 | KINNEY, ANTHONY P<br>341 MEADOW ST Apt. #3<br>WAKEFIELD NH 03872 | | M | * | 43 | *********** | ************ |

DOB: ******************************
EMPLOYER: ****************************** . ************
INJURIES: None
ETHNICITY: *******************
RESIDENT STATUS: Resident
VICTIM CONNECTED TO OFFENSE NUMBER(S): 1   2

| # | PERSON(S) | PERSON TYPE | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|---|
| 1 | GAGNE, PAULA<br>143 MEADOW ST Apt. #4<br>WAKEFIELD NH 03872<br>DOB: ********** | REPORTING PARTY | F | W | 58 | NOT AVAIL | ************ |
| 2 | MILTON, POLICE D<br>7 TOWNHOUSE RD   (PO BOX 556<br>MILTON NH 03851<br>DOB: NOT AVAIL | OTHER | M | W | 00 | NOT AVAIL | ************ |

****************************
EMPLOYER: ****************************** . ************

| 3 | WOLFEBORO, POLICE D<br>MAIN ST      PO BOX 1689<br>WOLFEBORO NH 03894<br>DOB: NOT AVAIL | OTHER | M | W | 00 | NOT AVAIL | ************ |

****************************
EMPLOYER: ****************************** . ************

**Wakefield Police Department**

**NARRATIVE FOR PATROL CHRISTOPHER M WALDRON**

Ref: **17-69-AR**

Entered: 04/12/2017 @ 0110    Entry ID: 0019
Modified: 04/14/2017 @ 0831    Modified ID: 1524
Approved: 04/14/2017 @ 0831    Approval ID: 1524

Officer Chris Waldron
4/11/17 17-69-AR

On 4/11/17 at 10:36PM I responded to a disturbance at #143 Meadow Street apartment #3 in Wakefield. Officer Emerson from the Wolfeboro PD and Officer Nirgianakis from the Milton PD responded as well under mutual aid.

A male, later identified as Anthony Kinney, answered the door to apartment #3. Anthony allowed me inside to speak. A woman, later identified as Christine Berlind, sat on a couch inside the apartment. Anthony said they had an argument this evening but there was no issue as it was not a big deal. His demeanor was agitated and defensive. Officer Emerson arrived on scene during this time, I spoke to Anthony outside while Officer Emerson spoke to Christine inside.

Anthony said Christine is his fiance and she lives at the apartment with him and their four small children. He said the kids have been asleep in bed for hours and weren't present during the argument. Anthony suspects Christine is cheating on him and he brought the issue up this evening in the apartment. Christine took offense to the accusation and an argument ensued. Anthony said he pointed at Christine and accused her of cheating on him and that 'struck a nerve'. I asked him to elaborate on what that means, he said Christine slapped him across the face. He said he did not retaliate and did not assault her at any point. Officer Nirgianakis arrived on scene during this time and spoke with Anthony as I went inside and spoke to Christine.

Christine said the argument tonight happened because Anthony accused her of cheating on him. She said she would never do that to him or their family and his words made her lose control. I asked her if she slapped him across the face and she said she did. I asked her to describe the slap and she said he pointed at her and she slapped him with her right hand across his left cheek. She said Anthony did not retaliate and she was not assaulted.

I spoke with Anthony again outside. His left cheek was red, I asked if Christine was a righty and that she slapped his left cheek with his right hand and he said yes. He said he did not want charges and refused to cooperate with a picture of his left cheek. I offered DV rights paperwork and inquired if he would answer LAP screen questions, he refused all services. I went inside and told Christine she was under arrest for DV Assault and Simple Assault. Officer Emerson placed Christine in a waist belt restraint and sat her in my cruiser. Anthony was agitated by Christine's arrest, I informed him of his right to petition the Carroll County Courthouse to amend Christine's forthcoming bail conditions.

I transported Christine to the Carroll County Jail where she was booked. I read Christine the Bail Determination Form and she requested the services of a Bail Commissioner. I requested $1000 Personal Recognizance bail with an Ossipee District court date 5/18/17 at 8AM.

End of narrative

**\*\* Portions of this report have been redacted \*\***