UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **State of New Hampshire,** ) | |
| ) | |
| **Complainant** ) | |
| **v.** ) | Cr. No. 1:24-cr-00038-JL-TSM |
| ) | |
| **Destinie L. Berard** ) | |
| ) | |
| **Defendant.** ) | |

**MOTION FOR ENTRY OF SEPARATE JUDGMENT AND TRANSMISSION TO STATE COURT FOLLOWING REMAND AND APPELLATE MANDATE**

NOW COMES Defendant Destinie L. Berard, *pro se*, and and respectfully requests that this Court enter judgment in a separate document pursuant to **Fed. R. Civ. P. 58(a)** and direct the Clerk to transmit certified copies of that judgment and relevant orders to the state court pursuant to **28 U.S.C. § 1447(c)**. In further support it is stated:

**I. Background**

1. On April 17, 2024, Defendant filed a timely Notice of Removal pursuant to 28 U.S.C. § 1443, seeking to remove a state criminal prosecution then pending in the New Hampshire 10th Circuit – District Division – Hampton court.

2. On May 9, 2024, this Court issued an Order of Summary Remand ([Doc. 4](Doc. 4)), concluding that removal was not authorized under 28 U.S.C. § 1443.

3. Defendant appealed that order under the express statutory appeal right set forth in 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."

4. On or about March 31, 2025, the United States Court of Appeals for the First Circuit dismissed or resolved the appeal and issued an order pursuant to Fed. R. App. P. 41.

5. Following the appellate disposition, no separate final judgment has been entered on the district court docket pursuant to Fed. R. Civ. P. 58(a).

## II. Legal Grounds for Requested Relief

6. Rule 58(a) of the Federal Rules of Civil Procedure requires that "[e]very judgment and amended judgment must be set out in a separate document." This requirement remains applicable in criminal removal proceedings unless specifically overridden.

7. Rule 58(d) expressly permits any party to request entry of a separate judgment when one has not been entered.

8. Entry of a separate judgment following resolution of the appeal is procedurally necessary to close the federal docket and may impact the timing of post-judgment remedies and proceedings in related courts.

9. 28 U.S.C. § 1447(c) provides that after a case is remanded, "[t]he State court may proceed with such case" once it receives "a certified copy of the order of remand."

10. **To the best of Defendant's knowledge and belief, the state court has never received a certified copy of the original remand order, nor has it received a certified judgment reflecting the finality of appellate proceedings. As a result, procedural ambiguity remains on the state docket concerning closure of the federal removal process.**

11. The requested relief is consistent with case law holding that courts must enter a separate judgment to comply with Rule 58. *See, e.g.*,

    - *Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991)
    - *Mitchell v. Carlson*, 896 F.2d 128 (5th Cir. 1990)

12. Transmittal of the final judgment to the originating state court will further judicial economy, ensure accurate docketing, and eliminate any uncertainty as to the current jurisdictional posture.

WHEREFORE, Defendant respectfully requests that this Court:

A) Enter a final judgment on a separate document pursuant to Fed. R. Civ. P. 58(a), reflecting the final disposition of this matter following remand and appellate proceedings;

B) Direct the Clerk to transmit certified copies of the final judgment and relevant orders to the New Hampshire 10th Circuit – District Division – Hampton court in accordance with 28 U.S.C. § 1447(c);

C) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Destinie Berard

_____
DESTINIE BERARD
     *Pro Se*
46 Pond St.
Georgetown, MA 01833
dlb12179@gmail.com

March 31, 2025.